IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SCOTT VEST, on behalf
of himself and all others
similarly situated                                              PLAINTIFF

v.                              No. 4:11-cv-364-DPM

HAYWARD BATTLE,
individually and in his
official capacity                                               DEFENDANT

## ORDER

Battle's motion for summary judgment, *Document No. 5*, is granted.  The

Court previously noted that the defendant's immunity arguments appeared

strong, but allowed Vest additional time to depose Battle and explore the

material facts.  *Document No. 12*.  That deposition has now occurred; but Vest

has not refuted Battle's persuasive argument that he should be absolutely

immune from suit.

Battle is a staff attorney for the Office of Child Support Enforcement, an

Arkansas agency charged with overseeing paternity contests, child support

orders, and the enforcement of those orders.  Battle  routinely files pleadings

and papers, including motions for civil contempt when court-ordered child

support payments are not made. In particular, after OCSE case workers determine that a party is not paying child support owed, Battle reviews and signs the paperwork initiating an action in circuit court, files it, and then appears in court on behalf of the OCSE. Battle has no OCSE policy-making authority; he follows policies and procedures that have been established by OCSE administrators, as well as relevant Arkansas laws.

Because Battle is acting as an advocate for the State in a capacity akin to that of a prosecutor, the controlling precedent holds that he is absolutely immune from suit about this work. *Thomason v. SCAN Volunteer Services, Inc.*, 85 F.3d 1365, 1373 (8th Cir. 1996). In *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) the Supreme Court held that a prosecutor is absolutely immune from suit for alleged civil rights violations committed in initiating a prosecution and in presenting a state's case. The Eighth Circuit has extended this immunity to state officials whose actions are "functionally comparable" to those of a prosecutor. *VanHorn v. Oelschlager*, 457 F.3d 844, 848 (8th Cir. 2006). The analysis turns on "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) (citation omitted).

Vest correctly points out that the Supreme Court has drawn a line between prosecutorial actions and purely administrative or investigatory functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273–74 (1993). He claims that Battle's actions were merely "clerical or administrative," in that he exercised no discretion in determining whether to file the lawsuit, but merely reviewed and filed paperwork prepared by case investigators. This precedent is distinguishable, however, given Battle's role at the OSCE. The decisions cited by Vest, and indeed, the majority of cases considering this issue and declining absolute immunity, deal with actions by prosecutors that ventured beyond the quasi-judicial roles inherent in their jobs. *See, e.g., Buckley*, 509 U.S. at 262–64 (prosecutor investigated a bootprint at scene of a crime and later held a press conference); *Burns v. Reed*, 500 U.S. 478, 481–82 (1991) (prosecutor provided legal advice to the police regarding use of hypnosis during criminal investigation).

Regardless of whether he was exercising discretion, Battle's actions in filing a paternity complaint and motion for citation were, in contrast, an "integral part of the judicial process." *Imbler*, 424 U.S. at 430 (citation omitted). Battle merely initiated the judicial proceeding that led to the court's

order requiring Vest be jailed for contempt. *Cf. Kalina*, 522 U.S. at 129;

*Thomason*, 85 F.3d at 1373; *Martin v. Aubuchon*, 623 F.2d 1282, 1285 (8th Cir.

1980) (initiating dependency proceedings protected by absolute immunity).

Battle did not arrest Vest; he did not transport Vest to the Saline County jail;

and he was not responsible for ensuring Vest's appearance before a judge.

The Court concludes that Battle was, at all times, acting as an advocate for the

State of Arkansas, which has been described as the "determinative factor" in

the analysis. *Pfeiffer v. Hartford Fire Insurance Company*, 929 F.2d 1484, 1490

(10th Cir. 1991). Battle is therefore immune from suit under these facts.

Although Vest does not stress this point in his summary-judgment

papers, his complaint seeks injunctive relief under the theories already

discussed. When sued for injunctive relief, a state employee is no longer

cloaked with immunity because "official-capacity actions for prospective

relief are not treated as actions against the State." *Kentucky v. Graham*, 473

U.S. 159, 167 n.14 (1985). As already noted, however, Battle was neither

involved in nor responsible for Vest's arrest, detention, and appearance before

a judge. He has no policy-making authority at the OCSE and merely follows

his employer's procedures. Battle is simply not a proper party to enjoin,

therefore, to redress the alleged wrongdoing about which Vest complains.

Vest also moves to amend his complaint. Because Battle's privilege is "immunity from suit rather than a mere defense to liability," *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis omitted), the Court denies the motion for a futile amendment as to him—his dismissal stands. But Vest also seeks to add new parties as defendants and to clarify his claims. Because this suit is still in its relatively early stages, the Court sees no real prejudice in allowing the amendment. The Court therefore grants the motion, *Document No. 22*, in part. But again, the case is over as to Battles.

*   *   *

Battle's motion for summary judgment, *Document No. 5*, is granted. The Clerk should terminate Battle as a defendant in this action. Vest's motion to amend, *Document No. 22*, is granted in part and denied in part. Vest should file his amended complaint by 23 December 2011.

So Ordered.

D.P. Marshall Jr.
United States District Judge

16 Dec. 2011

-5-