IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTT VEST, on behalf of himself and all others similarly situated | | PLAINTIFF |
| v. | Case No.: 4:11-cv-364-KGB | |
| RAY PENNIGNTON, individually and in his official capacity; and DAN MCDONALD in his official capacity | | DEFENDANTS |

## OPINION AND ORDER

Pending is separate defendant Dan McDonald's Motion to Dismiss for Failure to Serve (Dkt. No. 31). Plaintiff Scott Vest has responded (Dkt. No. 33), and Mr. McDonald has replied (Dkt. No. 37). For the following reasons, Mr. McDonald's Motion to Dismiss for Failure to Serve is denied, and Mr. Vest shall have thirty (30) days from the date of the entry of this Order to serve Mr. McDonald.

I.     **Background**

Mr. Vest initially filed this lawsuit against Hayward Battle, individually and in his official capacity as a purported policymaker for the Office of Child Support Enforcement ("OCSE") (Dkt. No. 1). This Court[1] granted summary judgment as to Mr. Battle but allowed Mr. Vest to amend his complaint to "add new parties as defendants and to clarify his claims" (Dkt. No. 25, at 5). Mr. Vest filed his amended complaint on December 20, 2011, naming the current defendants, Ray Pennington and Mr. McDonald. Mr. McDonald is sued in his official capacity as a purported policymaker for the OCSE (Dkt. No. 26). Mr. Vest served the amended

---

[1] This case was initially assigned to United States District Judge D.P. Marshall Jr. On May 17, 2012, this case was reassigned to this Court's docket.

complaint on counsel who represented Mr. Battle. That counsel now represents Mr. McDonald. Mr. Vest also appears to have served timely Mr. Pennington who answered the amended complaint (Dkt. No. 27). Mr. McDonald now moves to dismiss the amended complaint because he has not been served within the 120 days required by Rule 4 of the Federal Rules of Civil Procedure (Dkt. No. 31).

## II. Discussion

Federal Rule of Civil Procedure 4(m) provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In 1993, Rule 4(m) was amended to increase "a district court's discretion to extend the 120-day time period by authorizing the court 'to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.'" *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996) (Fed. R. Civ. P. 4 advisory committee's note (1993)). "Thus, under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Id.*; *see also Colasante v. Wells Fargo Corp.*, 81 Fed. App'x 611, 612-13 (8th Cir. 2003).

If good cause is not shown, "[t]o warrant such an extension, a plaintiff must demonstrate excusable neglect." *Colasante*, 81 Fed. App'x at 613 (citing *Adams*, 74 F.3d at 887; *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002)). For the purposes of Rule 60(b)(1) of the Federal Rules of Civil Procedure, "[e]xcusable neglect means good faith and

2

some reasonable basis for noncompliance with the rules." *United States v. Puig*, 419 F.3d 700, 702 (8th Cir. 2005) (quoting *Ivy v. Kimbrough*, 115 F.3d 550, 552 (8th Cir. 1997)). The Eighth Circuit has described excusable neglect as "an elastic concept that empowers courts to provide relief where a party's failure to meet a deadline is caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Kurka v. Iowa Cnty.*, 628 F.3d 953, 959 (8th Cir. 2010) (internal quotation marks omitted) (quoting *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (reviewing excusable neglect under Fed. R. Civ. P. 6)). "The determination of whether neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* In determining whether excusable neglect exists, the Eighth Circuit has looked to the following "particularly important" factors: "(1) the possibility of prejudice to the defendant, (2) the length of delay and the potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the party's reasonable control, and (4) whether the party acted in good faith." *Id.* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007)).

As an initial matter, Mr. Vest has not shown good cause for his failure to serve Mr. McDonald. Accordingly, Rule 4(m) does not *require* this Court to extend the time for service. Thus, Mr. Vest must demonstrate excusable neglect to warrant this Court exercising its discretion and granting an extension of time for service on Mr. McDonald.

Mr. Vest asserts that he "believed that service of Summons was not necessary, the amendment being in the nature of a misnomer" and that "[a]ny misnomer in the caption of this action is to be treated as one 'not affecting the substantial rights of the parties'" (Dkt No. 34, at

1). Mr. Vest sued Mr. Battle, an attorney for the OCSE (Dkt. No. 1). This Court granted summary judgment as to Mr. Battle but allowed Mr. Vest to amend his complaint to "add new parties as defendants and to clarify his claims" (Dkt. No. 25, at 5). Upon refiling, Mr. Vest named Mr. McDonald as a defendant in his official capacity only. Although this Court questions whether these facts qualify as a misnomer, *see Roberts v. Michaels*, 219 F.3d 775, 778 (8th Cir. 2000) (examining and applying the misnomer principle), the Court, considering all the relevant circumstances surrounding the failure to serve, finds excusable neglect on these facts. Therefore, the Court will extend the period for service on Mr. McDonald.

The facts here evidence good faith and a reasonable basis for noncompliance with the rule, which the Court concludes was caused by "inadvertence, mistake, or carelessness." *See Kurka*, 628 F.3d at 959. Turning to the factors set out in *Kurka*, the possibility of prejudice to Mr. McDonald is minimal. Mr. McDonald has not demonstrated that he will be prejudiced in his "ability to defend the suit as a consequence of the delay in service." *See Coleman*, 290 F.3d at 934. This Court observes that the only practical effect of granting Mr. McDonald's pending motion would be to force Mr. Vest to refile his lawsuit against Mr. McDonald. In this case, Mr. Vest is within the statute-of-limitation period to assert a timely § 1983 claim. *Baker v. Chisom*, 501 F.3d 920, 922 (8th Cir. 2007) ("The applicable state law statute of limitations governs § 1983 claims."); *Morton v. Little Rock*, 728 F. Supp. 543, 545 ("The applicable statute of limitations for a § 1983 action in Arkansas is three (3) years).

As to the length and reason for Mr. Vest's delay, the Court is persuaded that he has demonstrated enough to warrant a finding that his neglect was excusable. Mr. McDonald is an OCSE administrator. The OCSE has been on notice of this lawsuit since it was originally filed against Mr. Battle. Mr. McDonald, when added as a defendant, was named in his official

capacity only. Further, Mr. Vest asserts that he did not serve Mr. McDonald because he had already served one person at the OCSE. He asserts that the OCSE is the real party in interest, and thus he thought service on Mr. McDonald was unnecessary. This claim is somewhat supported by the fact that upon filing his amended complaint (Dkt. No. 26), Mr. Vest served the pleading on counsel for Mr. Battle who now is counsel for Mr. McDonald. Mr. Vest also apparently did by electronic mail serve the other newly named defendant, Mr. Pennington, who has timely answered. The Court also concludes that the potential impact on the proceedings caused by Mr. Vest's failure to serve Mr. McDonald is small because if the Court dismissed this case without prejudice as to Mr. McDonald, Mr. Vest could simply refile his case against Mr. McDonald.

* * *

Because the Court finds excusable neglect, the Court denies Mr. McDonald's Motion to Dismiss for Failure to Serve (Dkt. No. 31). The Court will extend Mr. Vest's time to serve Mr. McDonald and grants him thirty (30) days from the date of the entry of this Order to serve Mr. McDonald with the amended complaint.

SO ORDERED this 10 day of September, 2012.

_____
Kristine G. Baker
United States District Judge